**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| LIZETH GABRIELA BELTRAN RUGE | CIVIL ACTION NO. 26-3231 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN RICHWOOD CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) filed by the habeas petitioner in this case, Lizeth Gabriela Beltran Ruge("Petitioner"). Petitioner is a native and citizen of Columbia. See id. at 2. She entered the United States in October 2022 while still a minor and accompanied by her young daughter. See id. She remained in the United States while pursuing immigration relief and obtained authorization from the Department of Homeland Security to work. See id. She currently has a pending asylum case and no final order of removal has been entered. See id. On July 14, 2026, Petitioner was detained following a traffic stop in Florida. See id. She was moved to Louisiana and is currently being detained on an immigration charge at the Richwood Correctional Center in Monroe, Louisiana. See id. at 3.

Petitioner filed a Writ of Petition for Habeas Corpus under 28 U.S.C. § 2241. See Record Document 8. She alleges that her continued detention is a deprivation of liberty without due process under the Fifth Amendment. See id. at 6. She argues she is entitled to an individualized determination of danger or flight risk, her civil detention is excessive in relation to its nonpunitive purpose, and her continued detention is unnecessary while her asylum proceedings remain pending. See id. at 6-7. In her Habeas Petition, she

seeks immediate release from immigration detention. See id. at 7. Alternatively, she requests a prompt and constitutional individualized bond hearing. See id.

In her emergency motion, Petitioner seeks to preserve the status quo. See Record Document 2 at 1. She asks the Court to prevent "a further transfer outside this District while this habeas proceeding is pending" because it could complicate her ability to community with the Court and effectively prosecute her case. Id. at 4. Thus, she "seeks a preservation of the status quo while this Court determines the threshold legal questions concerning her custody." Id.

An applicant for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351,

355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner asks the Court to preserve the status quo by preventing her transfer outside of the Western District of Louisiana. "Mere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that she will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is further reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of October, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE